UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARRIE LYNETTE M.,

        Plaintiff,

 - v -              Civ. No. 5:18-CV-210
                    (DJS)
NANCY A. BERRYHILL, *Acting Comm'r of Soc. Sec.*,

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CONBOY, MCKAY, BACHMAN & KENDALL, LLP<br>Counsel for Plaintiff<br>307 State Street<br>Carthage, NY 13619 | LAWRENCE D. HASSELER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GENERAL COUNSEL<br> - REGION II<br>Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | LORIE E. LUPKIN, ESQ.<br>REBECCA H. ESTELLE, ESQ.<br>LUCY WEILBRENNER, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER[1]

Currently before the Court, in this Social Security action filed by Carrie Lynette M. against the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 8 & General Order 18.

1

1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 15. For the reasons set forth below, Plaintiff's Motion is **denied** and Defendant's Motion is **granted**. The Commissioner's decision denying Plaintiff disability benefits is **affirmed**, and Plaintiff's Complaint is **dismissed**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on April 5, 1978. Dkt. Nos. 6 & 6-1, Admin. Tr. ("Tr."), p. 42.[2] Plaintiff reported obtaining an associate's degree. *Id.* She has past work experience as a human resources assistant, a sales representative, and as a supply sergeant in the army. Tr. at pp. 44 & 226. Plaintiff alleges disability due to traumatic brain injury ("TBI"), migraines, back injury, sciatica, and neck injury. Tr. at p. 225.

### B. Procedural History

Plaintiff filed for Disability Insurance Benefits on July 11, 2016, alleging disability beginning on July 2, 2016, which date Plaintiff later amended to September 17, 2015. Tr. at pp. 56, 68, & 221. Plaintiff was denied benefits, and on Plaintiff's request, a hearing was held on April 12, 2017 before ALJ Elizabeth W. Koennecke, at which Plaintiff was represented and testified. Tr. at pp. 79-83 & 39-57. The ALJ then held a supplemental hearing on October 25, 2017, at which she obtained the testimony of a vocational expert

---

[2] Due to the length of the administrative transcript, it is contained in two docket entries, with consecutive bates stamped page numbering that continues between the two entries. As they contain consecutive page numbering, they will both be referred to as "Tr." herein, along with the corresponding bates stamped page number.

("VE"). Tr. at pp. 58-67. On November 2, 2017, the ALJ found Plaintiff not disabled. Tr. at pp. 8-28. Plaintiff appealed the determination, and the Appeals Council denied Plaintiff's request for review. Tr. at pp. 1-5. Plaintiff then commenced this action appealing the determination on February 29, 2018. Dkt. No. 1.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. Tr. at p. 13. The ALJ next found Plaintiff did not engage in substantial gainful activity since September 17, 2015, the amended alleged onset date. Tr. at p. 14. The ALJ found that Plaintiff had the following severe impairments: a neurological impairment, a back impairment, and a non-dominant shoulder impairment. *Id.* The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. at p. 16. The ALJ next determined that Plaintiff had the following residual functional capacity ("RFC"):

> [O]n the non-dominant side can lift and carry 10 pounds occasionally and less than ten pounds frequently. There is no limit to the dominant side. Can perform no overhead work on the non-dominant side. She can sit for six hours, and stand and/or walk for six hours. All postural functions can be performed at least occasionally. The claimant retains the ability to: understand and follow simple instructions and directions; perform simple tasks independently; maintain attention and concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact appropriately with all others to the extent necessary to carry out simple tasks; handle simple, repetitive work-related stress in that the claimant can make occasional decisions directly related to the performance of simple tasks in a stable, unchanging work environment.

Tr. at p. 17. Next, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. at p. 21. The ALJ found that Plaintiff was born on April 5, 1978 and was 37 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date, has at least a high school education, and is able to communicate in English. Tr. at p. 22. The ALJ found that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant was "not disabled," whether or not the claimant had transferable job skills. *Id.* The ALJ then determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and that Plaintiff was not under a disability through the date of her decision. Tr. at pp. 22-23.

## D. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence and that the ALJ improperly substituted her judgment for competent medical opinion. Dkt. No. 10, Pl.'s Mem. of Law, pp. 14-17. In particular, she contends that the ALJ improperly evaluated the medical evidence, selecting only the portions that supported her determination. Plaintiff argues that no medical opinion supports the ALJ's determination that Plaintiff can perform sustained work on a regular and continuing basis, contending that finding is contradicted by opinions in the record. *Id.* Plaintiff next argues that the medical evidence shows that Plaintiff would be required to be absent from work more than two days per month, and that the VE's opinion that Plaintiff must consistently

be in attendance at the jobs identified necessitated a finding that Plaintiff cannot perform jobs existing in significant numbers in the national economy. *Id.* at p. 17.

Plaintiff also contends that the ALJ failed to properly evaluate Plaintiff's credibility by failing to provide sufficient reasons for not giving Plaintiff's complaints full weight; she argues her credibility is supported by the objective evidence and by her good work record. *Id.* at pp. 17-19. Finally, Plaintiff contends that the ALJ erroneously dismissed the severity of Plaintiff's migraines and the effect they have on Plaintiff's RFC. *Id.* at pp. 20-22. Plaintiff argues that the ALJ should have found Plaintiff's migraine headaches to be a severe condition, and should not have lumped them in as a symptom of Plaintiff's TBIs. *Id.* Plaintiff contends that there is substantial evidence demonstrating that the effects of Plaintiff's migraines would significantly erode her vocational options. *Id.*

In response, Defendant contends that the ALJ properly assessed the medical opinions when formulating the RFC, and that the ALJ properly relied on a specific medical opinion and the medical evidence as a whole. Dkt. No. 15, Def.'s Mem. of Law, pp. 6-9. Defendant also contends that the ALJ properly found that Plaintiff was not precluded from attending work on a full time basis due to her medical appointments, and that Plaintiff's daily activities support the finding that Plaintiff did not have a disabling burden of appointments. *Id.* at pp. 9-10. Defendant thus argues that the ALJ's reliance on the VE's opinion regarding Plaintiff's ability to work based on her RFC was proper. *Id.* In addition, Defendant contends that the ALJ properly assessed Plaintiff's credibility, providing reasons for her analysis of the subjective complaints. *Id.* at pp. 10-12. Finally,

5

Defendant argues that substantial evidence supports the ALJ's assessment of Plaintiff's migraines, that the ALJ accounted for limitations from her migraines and neurological impairments, and that any error as a result of failing to find them to be severe is harmless because the ALJ found severe impairments and continued the disability analysis past step two. *Id.* at pp. 12-14.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation,

the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which

7

significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The RFC Determination

Plaintiff first contends that the ALJ's RFC finding was not supported by substantial evidence and that the ALJ improperly substituted her judgment for competent medical opinion. Pl.'s Mem. of Law at pp. 14-17. In particular, she contends that the ALJ improperly evaluated the medical evidence, selecting only the portions that supported her determination. *Id.* She argues that no medical opinion supports the ALJ's determination that Plaintiff can perform sustained work on a regular and continuing basis, and argues that that finding is contradicted by opinions in the record. *Id.* Plaintiff contends that the ALJ committed error by improperly substituting her lay opinion for the

8

medical opinion of record, and by forming the RFC without a supporting medical opinion. *Id.*

The ALJ has the responsibility of reviewing all the evidence, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014) (same). "The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Bleil v. Colvin*, 2017 WL 1214499, at *8-9 (N.D.N.Y. Mar. 31, 2017); *Provencher v. Comm'r of Soc. Sec.*, 2017 WL 56702, at *5 (N.D.N.Y. Jan. 5, 2017). In other words,

> an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself.

*Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. July 20, 2016) (internal quotation marks omitted) (citation omitted).

The ALJ gave more weight to the opinion of Dr. Lorensen than she did to that of any other medical source. She gave "some weight to Dr. Lorensen's opinion based on her programmatic expertise, and her opinion is generally supported by the diagnostic

9

images in record." Tr. at p. 18. Dr. Lorensen's opinion provides that Plaintiff has "[n]o gross physical limitations in sitting, standing, walking, and handling small objects with the hands: Moderate limitations for bending, lifting, and reaching: Mild limitations for turning the head." Tr. at p. 704. The ALJ accounted for the moderate limitations opined by Dr. Lorensen: as to the opined moderate limitations for bending, lifting, and reaching, the RFC provides that Plaintiff can perform "[a]ll postural functions . . . at least occasionally," and limits lifting and carrying on the non-dominant side to ten pounds occasionally and less than ten pounds frequently, with no limit on the dominant side. Tr. at p. 17. The RFC also provides that Plaintiff can perform no overhead work on the non-dominant side. *Id.* The ALJ explained that these limitations were supported by Dr. Lorensen's examination of Plaintiff. Tr. at p. 18. This medical opinion provides substantial evidence for the RFC determination reached by the ALJ.

Plaintiff contends that it was error for the ALJ to give Dr. Lorensen's opinion more weight than that of Dr. LoPresti, when they both reviewed Plaintiff's medical records and completed a physical examination, and neither doctor had previously performed a physical examination of Plaintiff. Pl.'s Mem. of Law at p. 15. The ALJ gave Dr. LoPresti's opinion limited weight because the opinion was not supported by the treatment notes from his office; in particular, progress notes that indicated Plaintiff was released without restrictions, the lack of limitations identified in the records, and diagnostic images in the record that did not support the functional limitations he opined. Tr. at pp. 18-19. As such, the ALJ provided sufficient reasoning for according the opinion of Dr. Lorensen more weight than that of Dr. LoPresti: she found her opinion was more consistent with

10

the medical records. Plaintiff contends that there is limited foundation for the reasons the ALJ gave Dr. LoPresti's opinion less weight; however, the ALJ's reasoning is supported by the record. *See*, *e.g.*, Tr. at p. 18 (citing Exhibit 7F at pp. 6-23).

Plaintiff also takes issue with the ALJ's decision to give less weight to the opinions of Dr. Mohiuddin and Laurence Adams. Pl.'s Mem. of Law at p. 16. The ALJ explained that she gave limited weight to the opinion of Dr. Mohiuddin because it was given during and immediately after Plaintiff's pregnancy, and because updated medical records indicated Plaintiff's headaches were less severe. Tr. at p. 19. She gave limited weight to Plaintiff's chiropractor's statement because it occurred prior to the period at issue, and notes that Mr. Adams indicated that Plaintiff was steadily improving. *Id.* The ALJ sufficiently explained why she gave those opinions less weight. *See Bliss v. Colvin*, 2015 WL 457643, at *7 ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such.").

Plaintiff also argues that it was error for the ALJ to fail to discuss Plaintiff's treatment with chiropractor Kelli Jo Guyette. Pl.'s Mem. of Law at p. 16. However, Ms. Guyette did not provide a medical opinion, *i.e.*, "[a] statement that reflects a physician's judgment about what a claimant remains able to do despite his impairments." *Fiorenza v. Comm'r of Soc. Sec.*, 2017 WL 4443815, at *5 (N.D.N.Y. Oct. 4, 2017). There was therefore no medical opinion that the ALJ was required to weigh. In addition, the fact that the ALJ failed to discuss Ms. Guyette's treatment notes does not mean that the ALJ did not consider this evidence. *See id.* "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Brault*

11

*v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted) (citation omitted). The ALJ's failure to discuss Ms. Guyette's treatment notes does not constitute error because Ms. Guyette did not provide an opinion and because the ALJ was not required to specifically discuss her treatment notes in the decision. *Fiorenza v. Comm'r of Soc. Sec.*, 2017 WL 4443815, at *5-6 (finding the doctor's "treatment notes do not contain evidence that would conflict with the ALJ's overall conclusions regarding the RFC and work-related functioning. . . . [the] Court is able to glean the rationale of the ALJ's decision based on the weight she afforded to the opinion evidence and her discussion of other evidence.").

Plaintiff also contends that "there is no medical opinion anywhere in the Record that the ALJ can specifically point to to substantiate the ALJ's opinion that Plaintiff can 'perform sustained work on a regular and continuing basis, i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule.'" Pl.'s Mem. of Law at p. 16. However, the opinion on which the ALJ most relied provided no limitations to Plaintiff's sustained performance of work. *See* Tr. at p. 704. The ALJ weighed the medical opinions as she was entitled to, and adopted those limitations she found to be well supported in the record. The Court will not reweigh the evidence. *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. Aug. 12, 1993) (citing *Carroll v. Sec. of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

### B. Plaintiff's Ability to Work Continuously

Plaintiff next contends that she is unable to perform jobs existing in significant numbers in the national economy because she is unable to consistently attend work. Pl.'s

12

Mem. of Law at p. 17. In particular, Plaintiff contends that her medical record shows that her medical appointments would necessitate that she miss work more than two days per month, which rate of absenteeism the VE testified would preclude Plaintiff from performing the work she was otherwise capable of performing. *Id.* However, as discussed above, the ALJ weighed the medical opinions as was within her discretion and adopted much of Dr. Lorensen's opinion. Dr. Lorensen's opinion does not provide any restriction on Plaintiff's ability to continuously work. *See* Tr. at p. 704. As such, the ALJ's determination that Plaintiff would not be absent from work an unacceptable amount is supported by substantial evidence.

### C. Plaintiff's Credibility

Plaintiff contends that the ALJ did not provide valid reasons to give Plaintiff's subjective complaints less than full weight. Pl.'s Mem. of Law at pp. 17-19. Specifically, Plaintiff contends that there is no evidence in the record that would undercut Plaintiff's allegations, and that objective evidence supports Plaintiff's complaints. *Id.* In addition, Plaintiff notes her good prior work record, and argues that this entitles her to substantial credibility. *Id.* at p. 19.

In determining whether a claimant is disabled, the ALJ must make a determination as to the credibility of the claimant's allegations. "An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Schlichting v. Astrue*, 11 F. Supp.

13

3d 190, 205 (N.D.N.Y. 2012) (internal quotation marks omitted) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)). The Second Circuit recognizes that "'[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant,'" and that, "[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.'" *Schlichting v. Astrue*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d at 642 & *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)). The ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of credibility" and so the ALJ's credibility assessment is generally entitled to deference. *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999)). "Although it is true that 'a good work history may be deemed probative of credibility,' it remains 'just one of many factors' appropriately considered in assessing credibility." *Campbell v. Astrue*, 465 Fed. Appx. 4, 6 (2d Cir. 2012) (summary order) (quoting *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998)).

Here, the ALJ found that Plaintiff's subjective complaints were not fully consistent with the objective medical evidence in the record. Tr. at pp. 17-21. The ALJ first described that Plaintiff's subjective complaints were not fully consistent with the opinion of the consultative examiner, Dr. Lorensen, to which the ALJ gave some weight based on her programmatic expertise and because her opinion was generally supported by the diagnostic images in the record. Tr. at p. 18. The ALJ also described in detail the medical

notes and records that the ALJ found did not support Plaintiff's subjective complaints. Tr. at pp. 19-21. The ALJ described that Plaintiff's daily activities supported the ALJ's determination, and were not supportive of Plaintiff's testimony regarding her symptoms and the impact of her impairments on her functioning. Tr. at p. 21.

The ALJ's finding regarding Plaintiff's credibility was based upon a summary of the medical opinions, consideration of Plaintiff's daily activities, and the objective medical evidence. Tr. at pp. 17-21. Although the ALJ did not explicitly recite the factors set out in 20 C.F.R. § 404.1529, this error is harmless because the decision includes a clear consideration of the evidence in relation to those factors. *Fanton v. Astrue*, 2011 WL 282383, at *5 (W.D.N.Y. Jan. 25, 2011) (citing *Forte v. Barnhart*, 377 F.3d 892, 895-96 (8th Cir. 2004)).

### D. Plaintiff's Migraines

Finally, Plaintiff contends that it was error for the ALJ not to find Plaintiff's migraines to be a severe impairment and not to factor them into Plaintiff's RFC; she argues that there is substantial evidence in the record demonstrating that her migraines are severe. Pl.'s Mem. of Law at pp. 20-22. Plaintiff contends that the ALJ improperly included her migraines as a symptom of her TBIs. *Id.*

Initially, even if the ALJ erred at step two, such error would be harmless, as the ALJ considered both Plaintiff's severe and nonsevere impairments in assessing Plaintiff's RFC. The ALJ discussed Plaintiff's headaches in determining the RFC, noting that "[r]ecent neurology records indicated that the claimant experienced headaches lasting up to seven hours a day," and describing clinical findings and neurological evaluations. Tr.

15

at p. 21. The ALJ also factored Plaintiff's headaches into her RFC, noting that she "accounted for the claimant's ongoing migraine headaches and issues with stress by limiting the claimant to an unchanging work environment." Tr. at p. 19.

Additionally, the medical opinion of Dr. Lorensen, to which the ALJ gave the most weight, acknowledged Plaintiff's migraines; she described Plaintiff's history of migraines, their frequency and duration, her treatment for migraines, and diagnosed her with migraines. Tr. at pp. 701-704. Dr. Lorensen's opinion did not, however, opine any restrictions specific to the migraines. Tr. at p. 704. Thus, although substantial evidence may support a finding that migraines are a severe impairment, Pl.'s Mem. of Law at pp. 20-22, it also supports a finding that they do not have an effect on Plaintiff's ability to work. In any event, because the ALJ considered Plaintiff's migraines in formulating the RFC, any step two error was harmless.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date: May 24, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge